

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 6, 2018

**BY ECF**

The Honorable Colleen McMahon
United States Chief District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States* **v.** *Sire Gaye*, 18 Cr. 153 (CM)

Dear Chief Judge McMahon:

    The defendant in this case, Sire Gaye, is scheduled to be sentenced on November 13, 2018 at 4:00 p.m., having pled guilty to conspiracy to commit bank fraud. The Government respectfully submits this letter in advance of the sentencing. Pursuant to a plea agreement between the parties, the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") range is 4 to 10 months' imprisonment. For the reasons set forth below, the Government submits that a sentence within the Guidelines range is warranted in this case.

    **A. Offense Conduct**

    Count One in the above captioned Indictment charges the defendant with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349. From at least in or about August 2017 to November 2017, the defendant conspired to commit bank fraud through his involvement in a counterfeit check scheme.

    Specifically, the defendant and other known and unknown co-conspirators created and deposited counterfeit checks that appeared to draw from various victim businesses' bank accounts. These counterfeit checks were deposited into the bank accounts of various colluding accountholders at Capital One, N.A. The defendant and other scheme participants then withdrew funds off of these counterfeit checks before the various banks realized the fraud. (*See* Presentence Investigation Report dated October 5, 2018 ("PSR"), ¶¶ 8-13).

    **B. Procedural History**

    The defendant was initially charged by sealed Complaint dated February 9, 2018. A grand jury returned an indictment on February 22, 2018 that charged the defendant and six co-defendants with conspiracy to commit bank fraud and aggravated identity theft, in violation of Title 18, United States Code, Sections 1344 and 1028A.

The defendant arrived in federal custody on a writ on March 6, 2018, and was later released on bail subject to certain conditions, including home detention with GPS monitoring and strict pretrial supervision. (*See* Dkt. Nos. 58; 64.)

On July 16, 2018, the defendant entered a guilty plea, pursuant to a plea agreement, before the Honorable Debra C. Freeman, United States Magistrate Judge, to Count One of the Indictment, conspiracy to commit bank fraud.

On October 5, 2018, the Probation Office issued the amended final PSR. Consistent with the plea agreement, the PSR calculates an offense level of 9, a criminal history category of I, and a resulting Guidelines range is 4 to 10 months' imprisonment (the "Guidelines Range"). (PSR ¶ 3.) The PSR also provides for restitution, pursuant to 18 U.S.C. § 3663A, to Capital One, N.A, in the amount of $16,938.95.

### C. Discussion

#### 1. Applicable Law

The Guidelines still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;
(C)   to protect the public from further crimes of the defendant; and
(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Hon. Colleen McMahon											Page 3
November 6, 2018

### 2. A Sentence Within the Guidelines Range Is Appropriate In This Case

A Guidelines sentence is necessary here to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to this defendant and other similarly situated individuals, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). All of these considerations weigh heavily in favor of a sentence within the Guidelines Range of 4 to 10 months' imprisonment.

*First*, a sentence within the Guidelines Range is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Schemes of this kind, in which participants deposit counterfeit checks using the bank account information of various victim businesses, are widespread and represent a major problem and expense for financial institutions and the consumers they serve. As in this scheme, defendants sometimes utilize the payroll or commercial checking account information of business entities on counterfeit checks as a way to avoid detection and maximize scheme profits. By using these business accounts, scheme participants complicate the identification of such fraudulent transactions and render it difficult for a victim businesses to close a compromised account, as such account information is used for numerous obligations of a business and is thus difficult to change.

Here, the defendant was an active scheme participant. (*See* PSR ¶¶ 16, 17.) Specifically, records from co-conspirators' social media accounts show that on August 31, 2017, Sire Gaye provided to co-conspirators the payroll account information of a particular victim business, which account information was then used on numerous counterfeit checks deposited by other co-conspirators. A significant sentence for defendants involved in such schemes is necessary to reflect the seriousness, and the effects, of such crimes.

*Second*, a substantial sentence is necessary to protect the public from further crimes of the defendant and to provide adequate deterrence to this defendant and to similarly situated defendants. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B). The defendant was involved in a fraudulent transaction as recently as January 3, 2018. (*See* PSR ¶¶ 17.) The defendant's participation in bank fraud was sustained and prolific: he undertook a number of fraudulent deposits and withdrawals and provided victim business information to other co-conspirators.

Descriptions of the defendant's prior arrests indicate that he has repeatedly engaged in fraud or theft and thus the offense conduct is not an anomalous event. On September 29, 2011, the defendant was arrested for petit larceny in Brooklyn, New York; no information about the underlying conduct was available to the Probation Department. (PSR ¶ 39).

Indeed, the PSR's description of the pending charges against the defendant suggest that he has been actively involved in fraud schemes for a significant period of time and that his criminal history understates the extent of such involvement. At present, there are pending charges in numerous jurisdictions. The defendant was arrested on May 9, 2017 and charged in Essex County Superior Court, Newark, New Jersey with various financial crimes, including, among other things, forgery, knowingly exhibiting a false identification during a credit card crime, and credit card

Hon. Colleen McMahon　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4
November 6, 2018

crime. (PSR ¶ 44). On August 17, 2017, the defendant was arrested for possession of a forged instrument in the second degree and attempted petit larceny in Queens County Supreme Court, Jamaica, New York. (PSR ¶ 45). On February 11, 2018, the defendant was arrested for possession of a forged instrument in the second degree, criminal possession of stolen property in the fourth degree, and unlawful possession of marijuana in Manhattan Criminal Court, New York, New York. (PSR ¶ 46, *see also* ¶¶ 49–52).

Despite his earlier interactions with law enforcement in 2017, the defendant continued to engage in the bank fraud scheme and was seen on bank surveillance footage while engaged in fraudulent transactions as recently as January of 2018. These incidents suggest that earlier arrests did not deter the defendant from continuing to violate the law.

As to general deterrence, a sentence within the Guidelines Range would send a message to others who would consider committing bank fraud (at the cost of banks and/or innocent victims) that such conduct carries serious consequences. The Government respectfully submits that a nontrivial term of incarceration is necessary to deter the defendant from future offenses, and to achieve the sentencing goal of protecting the public.

### D. Conclusion

For the reasons set forth above, the Government respectfully submits that a sentence within the Guidelines Range of 4 to 10 months' imprisonment would be fair and appropriate in this case.

　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　GEOFFREY S. BERMAN
　　　　　　　　　　　　　　　　　　　　　　United States Attorney for the
　　　　　　　　　　　　　　　　　　　　　　Southern District of New York

By: _____
　　　　　　　　　　　　　　　　　　　　　　Mollie Bracewell
　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　　(212) 637-2218

cc: Ken Womble, Esq. (via ECF)